IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| HICKORY WESLEY McCOY,<br><br>                Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY<br><br>Civil Case No. 2:17-CV-1176 TS<br>Criminal Case No. 2:12-CR-218 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. For the reasons discussed below, the Court will deny the Motion and dismiss this case.

I. BACKGROUND

On April 25, 2012, Petitioner was charged in a three-count Indictment with possession of marijuana with intent to distribute, possession of a firearm in furtherance of a drug trafficking crime, and felon in possession of a firearm and ammunition. Petitioner proceeded to trial where he was found guilty on all counts.

At sentencing, it was determined that Petitioner qualified as a career offender. In particular, Petitioner had qualifying predicate convictions based on his convictions for possession of marijuana for sale and robbery. Petitioner was ultimately sentenced to a term of imprisonment of 200 months.

Petitioner appealed his conviction, challenging the Court's denial of his motion to suppress and the correctness of a jury instruction. The Tenth Circuit Court of Appeals affirmed

1

the Court's decision to deny the motion to suppress and found that Petitioner waived his objection to the jury instruction.

Petitioner filed a motion under 28 U.S.C. § 2255 on June 3, 2016. Petitioner raised four arguments in his motion: (1) his counsel was ineffective for failing to raise specific arguments in relation to his motion to suppress; (2) his counsel was ineffective for not retaining expert services in relation to his motion to suppress; (3) the ruling on the motion to suppress was erroneous; and (4) counsel on appeal was ineffective for raising the suppression issue as a mistake of law. The Court denied Petitioner's § 2255 motion on September 13, 2016. Petitioner appealed, but the Tenth Circuit denied a certificate of appealability.

Petitioner now files the instant Motion. Petitioner argues that his sentence must be corrected. In particular, Petitioner argues that his felony controlled substance offense has now been, or will soon be, reduced to a misdemeanor. As a result, Petitioner asserts that he no longer qualifies as a career offender and his sentence should be reduced accordingly.

## II. DISCUSSION

The Court must first determine whether it has jurisdiction to consider Petitioner's Motion. Petitioner has already filed a motion under 28 U.S.C. § 2255. Thus, ordinarily, he must obtain authorization from the court of appeals to file a second or successive motion.[1] Petitioner argues that the instant Motion is not a second or successive motion and, therefore, does not require circuit court authorization. Petitioner bases his argument on the Tenth Circuit's decision in *In re Weathersby*.[2]

---

[1] *See* 28 U.S.C. § 2255(h).
[2] 717 F.3d 1108 (10th Cir. 2013).

In *Weathersby*, the petitioner sought authorization to file a second or successive motion. After he filed his first § 2255 motion, the petitioner successfully attacked and had expunged six convictions that had been used in calculating his criminal history category for his federal sentence. The Tenth Circuit dismissed the petitioner's request for authorization as unnecessary because the motion he sought to file was not a second or successive petition. The court held "that relief under § 2255 is not available until the state conviction used to enhance the federal sentence is vacated" because "[i]t is the fact of the state court vacatur that gives rise to the federal claim."[3] Because the state court did not vacate the petitioner's convictions until after his original § 2255 proceedings became final, the basis for his § 2255 claim did not exist and authorization was not required.[4]

Petitioner's claim is similar. Petitioner argues that his sentence must be corrected based on an amended state-court judgment that was issued recently or in the near future. Thus, Petitioner's current claim did not exist at the time his initial § 2255 proceedings became final and Petitioner does not need circuit court authorization to pursue his claim.[5] Therefore, the Court will proceed to the merits of Petitioner's claim.[6]

---

[3] *Id.* at 1110.

[4] *Id.* at 1111. Importantly, the Tenth Circuit left open the question of whether the petitioner's new claim would be timely or have any merit. *Id.*

[5] *See United States v. McGee*, 625 F. App'x 847, 850 (10th Cir. 2015) (concluding that it was debatable whether the district court was correct in dismissing as unauthorized a § 2255 motion filed after a state court reduced a felony drug conviction to a misdemeanor).

[6] The Court will assume that Petitioner's Motion is timely. *See* 28 U.S.C. § 2255(f)(4) (stating that the one-year limitations period begins to run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence").

Petitioner was found to be a career offender. To qualify as a career offender, Petitioner must have, among other things, two prior felony convictions of either a crime of violence or a controlled substance offense.[7] Petitioner's qualifying predicate convictions were possession of marijuana for sale and robbery. Petitioner argues that his marijuana conviction has been, or will soon be, reduced to a misdemeanor pursuant to Proposition 47.[8] Proposition 47 "permits previously-convicted defendants to petition the court for a 'recall of sentence,' which, if granted, would effectively reclassify their qualifying felonies as misdemeanors."[9] Without two predicate felony convictions, Petitioner argues he no longer qualifies as a career offender and must be resentenced without the career offender enhancement. Petitioner's argument misstates the effect of a change in state law in determining his federal sentence.

In *United States v. Diaz*, the Ninth Circuit Court of Appeals addressed the application of Proposition 47 to 21 U.S.C. § 841(b). Like the career offender guideline, § 841(b) calls for enhanced penalties if a defendant has prior convictions for a felony drug offense. The Ninth Circuit noted that "[w]hen a state grants post-conviction relief to a defendant with respect to his state felony conviction, we do not generally apply those changes retroactively for purposes of determining whether a federal sentencing statute's requirements are met."[10] Thus, "a state making a change to a state conviction, after it has become final, 'does not alter the historical fact of the [prior state] conviction' becoming final—which is what § 841 requires."[11] Based upon

---

[7] United States Sentencing Guideline ("USSG") § 4B1.1(a) (2012 ed.).

[8] *See* Cal. Penal Code § 1170.18(a).

[9] *United States v. Diaz*, 838 F.3d 968, 971 (9th Cir. 2016).

[10] *Id.* at 972.

[11] *Id.* at 974 (quoting *United States v. Dyke*, 718 F.3d 1282, 1292 (10th Cir. 2013)).

this, the court concluded that "California's Proposition 47, offering post-conviction relief by reclassifying certain past felony convictions as misdemeanors, does not undermine a prior conviction's felony-status for purposes of § 841."[12]

The Tenth Circuit is in accord. The Tenth Circuit has held that even where a state has expunged a prior conviction, the conviction remains relevant to a determination of whether a defendant has a prior conviction under §841(b).[13] "The question posed by § 841(b)(1)(A) is whether the defendant was previously convicted, not the particulars of how state law later might have, as a matter of grace, permitted that conviction to be excused, satisfied, or otherwise set aside."[14]

The same is true here. The career offender guideline applies where a defendant commits a qualifying offense subsequent to sustaining at least two prior felony convictions of either a crime of violence or a controlled substance offense. The relevant period of time is when guilt has been established.[15] It is undisputed that, at the time of his sentencing, Petitioner had two such offenses. The fact that now, several years after his sentencing, he may have one of the charges reduced to a misdemeanor does not change the historical fact that Petitioner qualified as a career offender when sentenced. Therefore, Petitioner's Motion must be denied.

---

[12] *Id.* at 975.

[13] *Dyke*, 718 F.3d at 1293.

[14] *Id.*

[15] *See* USSG § 4B1.2(c) ("The date that a defendant sustained a conviction shall be the date that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of *nolo contendere*.").

## III. CONCLUSION

It is therefore

ORDERED that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docket No. 1 in Case No. 2:17-CV-1176 TS) is DENIED. It is further

ORDERED that Petitioner's Motion for Service of Process (Docket No. 3) and Motion to Appoint Counsel (Docket No. 4) are DENIED. It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required. It is further

ORDERED that pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the Court DENIES Petitioner a certificate of appealability.

DATED this 7th day of November, 2017.

BY THE COURT:

Ted Stewart
United States District Judge